-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIO ERNESTO CAMPOS CRUZ,

    Petitioner,

    -v-

THE PEOPLE OF STATE OF NEW YORK,

    Respondent.

**DECISION and ORDER**
06-CV-0424E(Sc)

---

Petitioner, Julio Ernesto Campos Cruz, who is currently detained at the Buffalo Federal Detention Facility awaiting removal from the United States pursuant to a final order of removal, has filed a self-styled "Motion or Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651," which challenges a state court conviction entered in the Village of Catskill, New York on or about July 29, 2002 (Docket No. CR-6883). (Docket No. 1). It appears that this conviction may be the basis of Petitioner's final order of removal.[1] Petitioner notes that he sought a writ of error *coram nobis* before a Judge Adsit, whom appears to be the Village of Catskill Justice, but that the writ was denied on April 20, 2006, as was a motion for reconsideration of said denial on June 2, 2006. Petitioner also seeks permission to proceed *in forma pauperis*. (Docket No. 2).

---

[1] The Court transferred a previous petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 that challenged Petitioner's final order of removal to the Court of Appeals on June 27, 2005, pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

## DISCUSSION

### A. Conversion or Recharacterization of Petition

As noted, Petitioner is challenging a conviction entered in the Village of Catskill and, therefore, a petition filed pursuant to 28 U.S.C. § 2254 is the proper vehicle for challenging this state court conviction. Accordingly, the Court finds that the present Petition should be considered a Petition for Habeas Corpus relief under § 2254.

However, before the Court can recharacterize the instant matter as a Petition for Habeas Corpus under § 2254, it must provide Petitioner notice of its intent to do so and provide him an opportunity to withdraw this matter if he does not wish to have his Petition for a Writ of Error Coram Nobis considered as a Petition for Habeas Corpus under § 2254. See Adams v. United States, 155 F.3d 582 (2d Cir. 1998); see also Castro v. United States, 540 U.S. 375, 124 S.Ct. 786; 157 L.Ed.2d 778 (2004) (adopting notice of intent to recharacterize and opportunity to withdraw approach of Adams).

The reason for this "rule," as set forth in Adams, is that § 2254 now contains a gate-keeping mechanism that requires that a "second" or "successive" § 2254 motion, as defined in § 2244(b), be certified by a panel of the Court of Appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b). If the motion is not so certified, a movant cannot bring a second § 2254 motion. The Adams holding has been extended to petitions filed under

28 U.S.C. § 2254. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 275 (2d Cir. 2003). Thus, Petitioner must be afforded the opportunity to withdraw the instant Petition before it is converted to one under § 2254.

### B. TRANSFER

In addition to advising Petitioner that the instant matter will be converted or recharacterized as a Petition under § 2254, the Court advises him that the more convenient forum for this matter is the United States District Court, Northern District of New York. *See* 28 U.S.C. § § 1404(a), § 2241(d). Accordingly, if Petitioner does not withdraw this matter and it is converted to a petition under § 2254, the Court will transfer it to the United States District Court, Northern District of New York, because that district is a more convenient forum for this action since all of the records relating to Petitioner's underlying criminal conviction are located in that district. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 n.15, 93 S.Ct. 1123, 1132, n.15, 35 L.Ed.2d 443 (1973); 28 U.S.C. § 2241(d).

### CONCLUSION

Based on the foregoing, Petitioner's application to proceed *in forma pauperis* is granted and the Court hereby notifies Petitioner that it intends to convert or recharacterize the instant Petition to a Petition for Habeas Corpus under 28 U.S.C. § 2254 and that this recharacterization means that any subsequent § 2254 petition will be subject to the restrictions on "second" or "successive" petitions set forth in 28 U.S.C. § 2244. The recharacterization or conversion of this petition to a Petition for Habeas Corpus under § 2254 will occur unless Petitioner notifies the Court in writing by **August 15, 2006**, that he wishes

to voluntary withdraw the Petition instead of having it recharacterized as a Petition for Habeas Corpus under § 2254. If Petitioner does not advise the Court in writing by **August 15, 2006**, that he wishes to voluntary withdraw this matter, the Court will automatically recharacterize or convert it to a Petition for Habeas Corpus under § 2254 and transfer it to the United States District Court, Northern District of New York.

IT HEREBY IS ORDERED, that Petitioner's Motion to Proceed in Forma Pauperis (Docket No. 2) is GRANTED.

SO ORDERED.

Dated:   July 12, 2006
         Buffalo, New York

/s/ WILLIAM M. SKRETNY
United States District Judge